IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JADON TAYTE JENNINGS,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON,<br><br>Defendant. | CV 23-41-H-SEH<br><br>ORDER |

Plaintiff Jadon Tayte Jennings (Jennings), without counsel, filed this case on June 13, 2023, alleging constitutional violations associated with his incarceration.[1] The complaint as pleaded fails to state a claim for federal relief. It is dismissed.

## BACKGROUND

Jennings is incarcerated at Montana State Prison (MSP).[2] The named defendant is MSP.[3]

The complaint alleges that MSP violated Jennings' constitutional rights when it placed him "into a dangerous situation by misclassifying [him] and placing [him] into a higher security population environment."[4] He asserts that because he

---

[1] Doc. 2.
[2] *Id.* at 2.
[3] *Id.*
[4] *Id.* at 4.

was misclassified the MSP security classification system is unconstitutional.[5] He further claims that after exhausting all grievance procedures within MSP, he did not receive a reclassification.[6] Jennings seeks (1) compensatory damages, (2) a revised security classification system at MSP, (3) and that he be placed in low security housing.[7]

## 28 U.S.C. §§ 1915, 1915A SCREENING

The complaint has been liberally construed and reviewed under 28 U.S.C. §§ 1915 and 1915A.[8] Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Fed. R. Civ. P. 8 requires that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[9] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] The allegations must cross "the line from conceivable to plausible."[11]

---

[5] *Id.* at 5.
[6] *Id.* at 4–8.
[7] *Id.* at 6.
[8] *Pro se* filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*
[9] Fed. R. Civ. P. 8(a)(2).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[11] *Id.* at 680.

## DISCUSSION

**A. Jennings' claims.**

The Complaint fails to assert claims upon which relief can be granted. Prison officials are "accorded wide-ranging deference in the adoption of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."[12] Prisoners have no constitutional right to a particular classification status.[13] Jennings alleges nothing about the security classification system at MSP that suggests it is not "reasonably related" to legitimate penological interests.[14] The complaint will be dismissed.[15]

**B. Leave to amend.**

A complaint must be dismissed under 28 U.S.C. §§ 1915 and 1915A if it fails to state a claim upon which relief may be granted. The district court may grant or deny leave to amend a complaint.[16] "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."[17] Jennings' misclassification claim and the claim that MSP's security classification system is

---

[12] *Bell v. Wolfish*, 441 U.S. 520, 540 (1979).
[13] *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987).
[14] *Turner v. Safley*, 482 U.S. 78, 89 (1987).
[15] Jennings fails to state a federal claim regarding his classification status and the security classification system at MSP.
[16] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).
[17] *Id.* at 1130–31 (internal quotations omitted).

unconstitutional both fail because inmates have no liberty interests in classification status. The pleading defect could not be cured by amendment. Leave to amend would be futile.

**ORDERED:**

1. Jennings' case is **DISMISSED** for failure to state a federal claim. Amendment would be futile.

2. The Clerk of Court is directed to close this case and enter judgment.[18]

3. The Court **CERTIFIES** that any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect that this dismissal counts as one strike.[19]

DATED this 22nd day of June 2023.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[18] Fed. R. Civ. P. 58.
[19] 28 U.S.C. 1915(g).